UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. |
| | : | |
| v. | : | Filed Under Seal |
| | : | |
| DECARLOS A. MOORE, | : | |
| | : | |
| Defendant. | : | |

PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt:

1. On January 2, 2003, DECARLOS A. MOORE agreed and conspired with others known to the government to participate in an armed robbery and carjacking at an Amoco (now BP) Station at 4501 Eastern Avenue in Mount Rainier, Maryland. Other members of the conspiracy included Darryl M. Woodfork, also known as "D," Duane O. Sanders, also known as "Squeaky," and two others whose names are unknown to MOORE but are known to the government (Erick Cortez McNair, also known as "Nut" or "Peanut," and Simmeon Williams, also known as "Sim").

2. In the late afternoon and early evening hours of January 2, 2003, MOORE and other conspirators drove by the Amoco Station and spotted their intended targets, two of whom were at the Station by the cars with which they were closely associated, a dark-colored four-door Cadillac Concourse and a blue four-door Lincoln Town Car. The targets were drug dealers who regularly engaged in that activity at the Amoco Station. MOORE and his conspirators believed that these individuals would be likely to have money, drugs, guns, and other items of value.

3. After verifying that the targets were at the Amoco Station, MOORE and fellow conspirators met in the Taft Terrace neighborhood in upper northeast, Washington, D.C., where they

engaged in further discussions about the planned robbery and carjackings. The conspirators decided that three of those among them, including MOORE, would actually commit the robbery and carjackings while other conspirators would play a supportive role. MOORE was armed with an unloaded semi-automatic pistol that did not have a magazine.

4.  The conspirators drove from the Taft Terrace neighborhood back to the Amoco Station, a short drive up 22nd Street, N.E. MOORE and two other conspirators whose names are unknown to MOORE but are known to the government (Erick Cortez McNair, also known as "Nut" or "Peanut," and Simmeon Williams, also known as "Sim"), gathered behind a fence near the Station while other members of the conspiracy positioned themselves nearby. MOORE was armed as previously described. Conspirator Darryl M. Woodfork, also known as "D," parked and waited in his car, a black Ford Taurus SHO, at the Amoco Station.

5.  Their faces concealed with hoods or masks, MOORE and two conspirators (Erick Cortez McNair, also known as "Nut" or "Peanut," and Simmeon Williams, also known as "Sim") walked onto the grounds of the Amoco Station. One of the conspirators (Erick Cortez McNair, also known as "Nut" or "Peanut"), armed with two pistols, one of which belonged to Darryl M. Woodfork, also known as "D," forced two individuals to the ground while an unarmed conspirator (Simmeon Williams, also known as "Sim") stood nearby.

6.  Gun in hand, MOORE went directly to the Cadillac Concourse, which belonged to John Crawford, soon after the robbery began. The Cadillac was unlocked. The engine was running and the keys were in the ignition. MOORE got into the Cadillac and drove it from the Amoco Station, going first to the Taft Terrace neighborhood in upper northeast, Washington, D.C., before subsequently driving it to Fort Lincoln, another nearby neighborhood in northeast, Washington, D.C.

Soon after MOORE arrived in the Fort Lincoln neighborhood driving the stolen Cadillac, two other conspirators (Erick Cortez McNair, also known as "Nut" or "Peanut," and Simmeon Williams, also known as "Sim") arrived there in the stolen blue Lincoln Town Car. Members of the conspiracy, joined by another individual, Vernon McKenzie, thoroughly searched the stolen cars, removing items of value from both cars.

### Limited Nature of Proffer

7. This proffer of evidence is not intended to constitute a complete statement of all facts known by DECARLOS A. MOORE, but is instead a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The facts either were provided by MOORE or were otherwise known to the government. MOORE has provided substantial additional information about the indicted offenses and about other offenses to the United States which is not contained herein. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for MOORE's plea of guilty.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


By: _____
MICHAEL D. BRITTIN
RACHEL CARLSON LIEBER
Assistant United States Attorneys
(202) 307-0106 (MDB)
(202) 353-8055 (RCL)

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts in support of my guilty plea. I have discussed this proffer fully with my attorney, Joseph Conte, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date:_____    _____
                                DECARLOS A. MOORE


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date:_____    _____
                                Joseph Conte, Esq.
                                Counsel for DECARLOS A. MOORE